---

## THE OLGA.

### (District Court, E. D. New York. December 12, 1918.)

1. ADMIRALTY ⬅︎66—LIBEL—AMENDMENT.

Where the libel of one-fourth interest in a steamer failed to show that libelant was the holder of the legal title, an amendment so showing should be allowed, where libelant asserted he intended to plead a legal title, and it appeared that in the event of dismissal libelant would have great difficulty in enforcing his rights.

2. ADMIRALTY ⬅︎8—JURISDICTION—RELIEF TO MINORITY OWNER.

In view of the protection which a court of admiralty will accord the rights of a minority owner in the event of a dispute as to the employment of the vessel, a court of admiralty has jurisdiction to protect the rights of such an owner, where the majority owners intend to sell the vessel, and may enjoin them from transferring title unless a bond be given that will insure the minority owner will receive his share of the proceeds.

In Admiralty. Libel by Emanuel Fostinis against the steamship Olga and others. On motion to vacate process against the steamer Olga. Motion denied.

John D. Stephanidis, of New York City (L. De Grove Potter and John M. Woolsey, both of New York City, of counsel), for libelant.

Bullowa & Bullowa, of New York City, for respondents.

GARVIN, District Judge. [1] This is a motion to vacate process against the steamship Olga. She has been libeled, and an application is now made in behalf of the owner to discharge her from the custody of the marshal. The libel sets forth that the libelant is the "true and lawful owner of one-fourth interest" in the Olga, and it is claimed in behalf of the agent for the boat, who appears specially, that such an allegation is an allegation of equitable ownership, in which event the court is without jurisdiction. The G. Reusens (D. C.) 23 Fed. 403.

On the argument of this motion the libelant claimed a legal title to one-fourth of the vessel, and asked that he be permitted to amend the libel, so as to set forth legal ownership, if there was any doubt

that such ownership had been alleged, stating that he had intended to plead a legal and not an equitable title. It seems to me that I should allow such an amendment in the interest of justice, rather than dismiss the action upon what would be at best a technicality, for in the event of a dismissal it is apparent that libelant would have the greatest difficulty in enforcing whatever rights he may have. The amendment is therefore allowed.

[2] But it is urged that, even if libelant has a legal title, the court has no jurisdiction because a sale of the vessel is involved, and The Eclipse, 135 U. S. 599, 10 Sup. Ct. 873, 34 L. Ed. 269, and The Ada, 250 Fed. 194, —— C. C. A. ——, are cited to sustain that contention. The former case was an action in which it was held that a court of admiralty has no jurisdiction to enforce a contract of sale and the latter holds that an action does not lie in admiralty to recover damages for breach of a contract of sale.

The case at bar seems to be analogous to the line of cases which hold that admiralty has jurisdiction (where there is a dispute between owners regarding the employment of a vessel) to require the majority owners to give a bond for the safe return of the vessel. Benedict's Admiralty, § 187. The admiralty court has frequently protected the interests of a minority owner. Tunno v. The Betsina, Fed. Cas. No. 14,236; The Emma B (D. C.) 140 Fed. 770.

I have been referred to no authority directly in point, but on principle it would seem that if an admiralty court has power to issue an injunction prohibiting majority owners from taking a vessel on a voyage contrary to the wish of a minority owner, unless they give a bond for its safe return, it has equal power to issue an injunction prohibiting owners from exercising other acts of ownership such as transferring title, unless a bond be given that, upon the transfer, the minority owner who objects to such transfer will receive his share of the proceeds.

Motion denied.